**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KAREEM PRUNTY, | : | |
| | : | |
| Petitioner, | : | Civil Action No. |
| | : | 19-18808 (JMV) |
| v. | : | |
| | : | **OPINION & ORDER** |
| BRUCE DAVIS, et al., | : | |
| | : | |
| Respondents. | : | |

Before the Court is Petitioner's request seeking a stay and abeyance of this matter while he pursues unexhausted claims in state court through a second post-conviction relief ("PCR") petition. (D.E. 1, at 23–27.) In an earlier Order, the Court ordered and received a limited Answer from Respondents to address Petitioner's request for a stay, and Petitioner filed a Reply. (D.E. 2, 5, 8.) In opposing the stay, Respondents contend that Petitioner's ineffective assistance of PCR counsel claims are not cognizable in a habeas petition. (D.E. 5.)

To merit a stay, Petitioner must establish: (1) that he has good cause for his failure to raise the additional claims before; (2) that the additional claims have factual and legal merit; and (3) that he is not engaging in intentional dilatory litigation tactics. *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005).

With those principles in mind, two of Petitioner's unexhausted claims appear to be of the ineffective assistance of PCR counsel variety. (D.E. 1, at 24.) Generally, ineffective assistance of PCR counsel claims are not cognizable under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction

proceedings shall not be a ground for relief in a proceeding arising under section 2254."). Similarly, the Supreme Court has held that "a petitioner cannot claim constitutionally ineffective assistance of counsel in [state post-conviction] proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991).

In the present case, Respondents rely on *Coleman*, citing the general proposition that one cannot raise ineffective assistance of PCR counsel claims in a § 2254 petition. (D.E. 5, at 3.) In response, Petitioner argues that *Martinez v. Ryan*, 566 U.S. 1 (2012), applies to some of his claims. (D.E. 8, at 2.) In *Martinez*, the Supreme Court set forth a limited exception to the general rule and held that inadequate assistance of PCR counsel at initial review proceedings "may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 566 U.S. at 9.

In his Petition, Petitioner argues that PCR counsel failed to raise two claims of ineffective assistance of trial counsel. (D.E. 1, at 23–27.) Accordingly, this Court may be able to construe these claims as parts of ineffective assistance of *trial* counsel claims, which are cognizable under § 2254. *Gamble v. Johnson*, No. 15-8358, 2019 WL 366558, at *2 (D.N.J. Jan. 30, 2019). In other words, the Court could construe "that Petitioner failed to raise certain ineffective assistance of trial counsel claims at his first PCR proceeding because of the alleged ineffective assistance of his PCR counsel." *Id*.

As a result, the Court finds that Petitioner demonstrates "good cause"[1] under *Rhines* to issue a stay. *See Suarez v. Johnson*, No. 17-2767, 2017 WL 5157392, at *3 (D.N.J. Nov. 7, 2017)

---

[1] The Court recognizes that Petitioner's last unexhausted claim, his *Brady* claim, is insufficient to meet the requirements under *Rhines*. Nevertheless, the Court will grant the stay based on Petitioner's other claims and will permit Petitioner to exhaust all of the claims in his second PCR petition. *See Gamble*, 2019 WL 366558, at *2 (concluding similarly).

2

(finding *Martinez* claims sufficient to establish "good cause" under *Rhines*). Further, the Court finds that the claims are not "plainly meritless," and that it does not appear that Petitioner is engaging in dilatory litigation tactics. *See Rhines*, 544 U.S. at 277–78. Consequently, the Court concludes that Petitioner has met his burden under *Rhines* and will grant his request to stay this matter.

To the extent Respondents contend that the Court should deny the stay because Petitioner's second PCR petition is likely time barred, the Court disagrees. According to Respondents, Petitioner did not file anything since the denial of his first PCR petition in 2016. (D.E. 5, at 2–3.) Petitioner contends, however, that he has appealed that decision to the Superior Court of New Jersey, Appellate Division, and to the Supreme Court of New Jersey, receiving both denials in 2019. (D.E. 1, at 20.) Consequently, Petitioner has put furth sufficient information indicating that his second PCR petitioner may not be time barred. In any event, if his second PCR petition is indeed time barred, this Court will await a decision from the state courts to that effect.

For the foregoing reasons, and for good cause shown,

IT IS, on this 26th day of July 2021,

**ORDERED** that Petitioner's motion to stay and abey this matter, (D.E. 1, at 23–27.), is GRANTED; and it is further

**ORDERED** that the Clerk of the Court shall STAY and ADMINISTRATIVELY TERMINATE this matter until Petitioner has exhausted the claims in his second PCR petition; and it is further

**ORDERED** that within thirty (30) days of exhausting his claims, *i.e.*, after a final decision from the Supreme Court of New Jersey, Petitioner may request that this Court reopen this matter and lift the stay; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Opinion and Order on Petitioner by regular mail.

_____
JOHN MICHAEL VAZQUEZ
United States District Judge